## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

CIVIL ACTION NUMBER:

ANTHONY WEHR, an individual,

    Plaintiff,

v.

EL TORO RESTAURANT, INC., a Colorado corporation, and

EDWARD P. GARCIA, an individual.

    Defendants.

---

## COMPLAINT

---

  Plaintiff Anthony Wehr, by his undersigned attorneys, states as follows for his Complaint against Defendants El Toro Restaurant, Inc., and Edward P. Garcia:

### <u>JURISDICTION AND VENUE</u>

  1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1367.

  2.  Plaintiff Wehr asserts legal claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, based on Defendants' failure to pay him minimum wage throughout his employment.

  3.  Plaintiff Wehr asserts legal claims pursuant to the Internal Revenue Code ("IRC"), in particular 26 U.S.C. § 7434, I.R.S. § 7434, based on Defendants' willful filing of fraudulent information returns with respect to payments purported to be made to Plaintiff.

4.      Plaintiff Wehr also asserts legal claims under Colorado statutes—specifically, the Colorado Wage Act ("CWA"), Colo. Rev. Stat. §§ 8-4-101, *et seq.*; Colo. Rev. Stat. § 8-6-116; and Colo. Rev. Stat. § 18-4-405—that are so related to his FLSA and IRC claims that they form part of the same case or controversy. *See* 28 U.S.C. § 1367(a).

5.      Plaintiff Wehr also asserts legal claims pursuant to the Revised Municipal Code of the City and County of Denver, Colorado—particularly, the Citywide Minimum Wage Ordinance ("Denver MWO"), D.R.M.C. §§ 58-1, *et seq.*—that are so related to his FLSA and IRC claims that they form part of the same case or controversy. *See* 28 U.S.C. § 1367(a).

6.      Venue is proper in this court, because all the acts or omissions giving rise to Plaintiff Wehr's claims occurred in Denver, Colorado, in the District of Colorado. 28 U.S.C. § 1391(b)(2).

## THE PARTIES

7.      Plaintiff Anthony Wehr was an employee of Defendant El Toro Restaurant, Inc., from approximately 2014 until 2022.

8.      Defendant El Toro Restaurant, Inc., ("ETR") is a privately-held Colorado corporation that operates a Mexican restaurant located at 4957 Colorado Blvd, Denver, Colorado 80216.

9.      Defendant Edward P. Garcia is an individual who, at all relevant times, was the sole owner and operator of Defendant ETR.

10.     At all relevant times, Defendants ETR and Garcia employed Plaintiff Wehr.

## FACTUAL ALLEGATIONS

11.     In 2014, Plaintiff Wehr was hired and became employed by Defendants.

12.     Initially, Plaintiff Wehr did not have an official job title, but generally performed such job duties as waiting tables and tending bar. Over time, Plaintiff Wehr's responsibilities grew and, at

the time Defendants terminated his employment in February 2022, Plaintiff Wehr was a manager.

13.     Plaintiff Wehr typically worked 30 hours per week for Defendants, though sometimes he worked up to 40 hours per week.

14.     Throughout Plaintiff Wehr's employment, Defendants had no formal system through which employees could record their time worked.

15.     Throughout Plaintiff's employment, Defendants paid Plaintiff Wehr's wages in cash on a weekly basis.

16.     Defendants did not provide Plaintiff Wehr with pay statements showing his wages earned or paid, or any other information.

17.     Between 2015 and 2022, Defendants paid Plaintiff Wehr an approximate average wage rate of $8.09 per hour.

18.     From 2015 to 2022, the applicable minimum wage rate increased each year, from $8.23 per hour to $15.87 per hour.

19.     Plaintiff Wehr sometimes received cash tips from customers in the course of his work.

20.     Defendants failed to satisfy the requirements that would allow them to claim a "tip credit" and pay Plaintiff Wehr the tipped minimum wage rate. For example, Defendants consistently paid Plaintiff Wehr even less than the tipped minimum wage rate and made no effort to make up minimum pay to Plaintiff if tips were insufficient to meet the threshold amount required.

21.     Plaintiff Wehr asked Defendants to increase his pay rate to meet the minimum wage rate required by law.

22.     Defendants acknowledged that Plaintiff Wehr was paid below minimum wage but refused to increase his wage rate.

23.     At all relevant times:

    a.   Defendants willfully paid Plaintiff Wehr less than minimum wage;

    b.   Defendants willfully failed to keep records of Plaintiff Wehr's time worked, wages earned, and pay received; and

    c.   Defendants willfully failed to provide Plaintiff Wehr with pay statements.

24.     Defendants knew they had a duty to accurately report wages, tips, and other compensation paid to Plaintiff Wehr to the Internal Revenue Service ("IRS") by filing accurate information returns.

25.     Defendants willfully filed inaccurate and fraudulent information returns with respect to payments made to Plaintiff Wehr in the form of IRS Form W-2s. For example, the information returns that Defendants filed intentionally underreported amounts paid to Plaintiff Wehr so that Defendants would have a lower tax liability.

26.     On or about February 9, 2022, Defendants terminated Plaintiff Wehr's employment.

27.     On or about April 8, 2022, Plaintiff Wehr mailed to Defendants a written demand for wages, pursuant to C.R.S. 8-4-101(15).

28.     Plaintiff Wehr has received no contact from Defendants directly since mailing his written wage demand, more than 14 days ago.

29.     Defendant Garcia exercised day-to-day operation and overall financial control over Defendant ETR. On behalf of Defendant ETR:

    a.   Defendant Garcia had sole and exclusive authority to hire and fire employees;

    b.   Defendant Garcia set employee pay rates and method of pay; and

    c.   Defendant Garcia made the decisions to pay Plaintiff Wehr less than the

applicable minimum wage and to pay Plaintiff Wehr in cash.

30.     As a result of Defendants' willful misconduct, Plaintiff Wehr was underpaid by more than $30,000 and incurred substantial costs, including with respect to tax liabilities and efforts to obtain payment of his due and owing wages.

## CLAIMS FOR RELIEF

### FIRST CLAIM:
### VIOLATION OF THE FLSA

31.     The foregoing allegations are realleged and incorporated herein by reference.

32.     At all relevant times, Plaintiff Wehr was an "employee" as that term is defined by 29 U.S.C. § 203(e).

33.     At all relevant times, Defendants were Plaintiff Wehr's "employers" as that term is defined by 29 U.S.C. § 203(d).

34.     Throughout his entire employment, Plaintiff Wehr was engaged in interstate commerce or the production of goods for interstate commerce. In particular, Plaintiff Wehr handled many goods, including food, beverages, cleaning items, and other items, that traveled in interstate commerce.

35.     Throughout Plaintiff Wehr's employment, Defendants had at least 2 employees and an annual dollar volume of business of at least $500,000.

36.     As Plaintiff Wehr's employers, Defendants were required to pay Plaintiff Wehr minimum wage.

37.     Defendants' failure to pay minimum wage as willful because Defendants knew or recklessly disregarded that Plaintiff Wehr was entitled to be paid minimum wage pursuant to the FLSA.

38.     Plaintiff Wehr has and continues to suffer damages as a result of Defendants' failure

to pay him minimum wage in violation of the FLSA and is entitled to relief.

## SECOND CLAIM:

## VIOLATION OF THE CWA

39.     The foregoing allegations are realleged and incorporated herein by reference.

40.     At all relevant times, Plaintiff Wehr was an "employee" as that term is defined by C.R.S. § 8-4-101(5).

41.     At all relevant times, Defendants were Plaintiff Wehr's "employers" as that term is defined by C.R.S. § 8-4-101(6).

42.     Defendants failed to pay Plaintiff Wehr minimum wage for all hours worked.

43.     Defendants' failure to pay minimum wage as willful because Defendants knew or recklessly disregarded that Plaintiff Wehr was entitled to be paid minimum wage pursuant to the CWA.

44.     Plaintiffs mailed to Defendants a written wage demand as contemplated by C.R.S. § 8-4-101(15).

45.     More than 14 days have passed since Plaintiff Wehr mailed and delivered his written wage demand to Defendants and Defendants have not responded directly nor paid Plaintiff Wehr any amount.

46.     Plaintiff Wehr has and continues to suffer damages as a result of Defendants' failure to pay him minimum wage in violation of the CWA and is entitled to relief.

## THIRD CLAIM:

## VIOLATION OF THE DENVER MWO

47.     The foregoing allegations are realleged and incorporated herein by reference.

48.     At all relevant times, Plaintiff Wehr was an "employee" as that term is defined by D.R.M.C. § 58-18(e).

49.     At all relevant times, Defendants were Plaintiff Wehr's "employers" as that term is defined by D.R.M.C. § 58-18(e).

50.     Defendants failed to pay Plaintiff Wehr minimum wage for all hours worked.

51.     Defendants' failure to pay minimum wage was willful because Defendants knew or recklessly disregarded that Plaintiff Wehr was entitled to be paid minimum wage pursuant to the Denver MWO.

52.     Plaintiff Wehr has and continues to suffer damages as a result of Defendants' failure to pay him minimum wage in violation of the Denver MWO and is entitled to relief.

## FOURTH CLAIM:
## CIVIL THEFT

53.     The foregoing allegations are realleged and incorporated herein by reference.

54.     Defendants willfully and intentionally paid Plaintiff Wehr less that the applicable minimum wage rate.

55.     Defendants' intentional failure to pay minimum wage constitutes wage theft pursuant to C.R.S. 8-4-114.

56.     Defendants stole more than $30,000 from Plaintiff Wehr.

57.     Plaintiff Wehr has and continues to suffer damages as a result of Defendants' theft and is entitled to relief.

## FIFTH CLAIM:
## FRAUDULENT INFORMATION RETURNS

58.     The foregoing allegations are realleged and incorporated herein by reference.

59.     Section 26 U.S.C. § 7434(a) provides "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other

person may bring a civil action for damages against the person so filing such return."

60.     An "information return" means any statement described in 26 U.S.C. § 6724(d)(1)(A), including such statements showing the total amount of wages paid to an employee pursuant to 26 U.S.C. § 6051(a).

61.     An IRS Form W-2 is an information return within the meaning of this section.

62.     Defendants fraudulently underreported payments to Plaintiff Wehr on the IRS Forms W-2 that they filed with respect to his employment.

63.     Plaintiff Wehr has and continues to suffer damages as a result of Defendants' filing of fraudulent information returns and is entitled to relief.

### JURY DEMAND

Plaintiff Wehr demands a jury for all issues for triable.

### PRAYER FOR RELIEF

THEREFORE, Plaintiff Wehr respectfully requests that this Court enter judgment in his favor against all Defendants for:

i.      Economic damages for unpaid wages and losses caused by Defendants' filing of fraudulent information returns;

ii.     Noneconomic and liquidated damages on all claims allowed by law, including for the delay in payment of earned wages;

iii.    Exemplary, punitive, and treble damages on all claims allowed by law;

iv.     Statutory damages and penalties on all claims allowed by law;

v.      Pre-judgment and post-judgment interest on all claims allowed by law;

vi.     Compensation for taxes incurred;

vii.    Costs of this action together with reasonable expert witness fees on all claims allowed

by law;

viii.    Reasonable attorney fees on all claims allowed by law; and

ix.    Such other and further relief the Court deems just and proper.


Respectfully submitted this 27th day of June 2022.

JESTER GIBSON & MOORE, LLP


_____*s/ Rachel I. Tumin*_____
Rachel I. Tumin
Brian T. Moore
1999 Broadway, Suite 3225
Denver, CO  80202
(303) 377-7888
ATTORNEYS FOR PLAINTIFF